IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JESSICA HERZFELD, on behalf of herself and )
All others similarly situated,              )
                                            )   Case No.: 2:14-CV-04966-PD
          Plaintiffs,                       )
                                            )   **DECLARATION OF**
v.                                          )   **ZACHARY WEITHONER**
                                            )
1416 CHANCELLOR, INC., d/b/a THE GOLD       )
CLUB, and DOES 1 through 10, inclusive,     )
                                            )
          Defendants.                       )
                                            )

## DECLARATION OF ZACHARY WEITHONER

ZACHARY PAUL WEITHONER, under penalty of perjury and in accordance with 28 U.S.C. § 1726, hereby states and declares as follows:

1. I am the Manager of 1416 Chancellor, Inc., d/b/a Gold Club (the "Gold Club"), and was during all times relevant.

2. Exhibit 1 attached hereto is the STAGE RENTAL/LICENSCE AGREEMENT signed by Plaintiff Jessica Herzfeld on October 30, 2014 (the "License Agreement"), which was drafted at the direction of the Gold Club. Ms. Herzfeld performed under the stage name of "Ivy." The License Agreement is one of a number of documents that Ms. Herzfeld

1

signed on October 30, 2014; all of which are contained in a file that the Gold Club maintains in regard to Ms. Herzfeld.

3. From at least October of 2013 to present and during all times Ms. Herzfeld performed at the Gold Club, all entertainers desiring to perform at the Gold Club were required sign a License Agreement similar to the License Agreement signed by Ms. Herzfeld, before being permitted to perform at the Gold Club.

4. As a result of Ms. Herzfeld signing the License Agreement, the Gold Club permitted Herzfeld to perform at its facilities, and as a direct result thereof she was able to make substantial sums of money over and above the license fees that she was required to remit to the Gold Club.

5. In consideration for Ms. Herzfeld paying the license fees mandated by the terms of the License Agreement, the Gold Club provided her access to its facilities in order for Ms. Herzfeld to be able to utilize those facilities so that she could engage in the providing of certain entertainment services which she sold to here customers. As a direct result thereof she was able to make substantial sums of money over and above the license fees that she was required to remit to The Gold Club.

6. At all times, the Gold Club has abided by the terms of the License Agreement; it has demonstrated that it intended to be bound by the terms of the License Agreement; and it expected Ms. Herzfeld to be so bound as well.

7. At all times that Ms. Herzfeld performed at The Gold Club, she complied with the terms of the License Agreement and paid all license fees required thereby. In fact, it was not until after she stopped performing at The Gold Club in April of 2014 and initiated this

lawsuit, that she first expressed an intention not to be bound to the terms of the License Agreement.

I declare, under penalties of perjury, that the forgoing is true based upon my personal knowledge or that I believe same to be true based upon my review of the books and records of the Gold Club that are maintained in the ordinary course of business.

Dated: October 23, 2014

Zachary Paul Weithoner

## STAGE RENTAL / LICENSCE AGREEMENT

This lease agreement between 1416 chancellor inc. D/B/A The Gold Club hereafter known as The Gold Club, owner, Licensor, and/or landlord and _____ hereafter known As Licensee/Artist, Performer and/or tenant whose home address is _____

Whereas: Landlord has the authority to license and/or lease time, stage space, and stage access to entertainers at it's nightclub by contractual arrangements;

Whereas: Licensee/Artist is a self employee, independent contractor engaged in licensee/artist's independently established entertainment business.

Whereas: Licensee desires to obtain in stage use and time at facilities under contract with licensor via a nonexclusive license/lease (the "licensee" from time to time to entertain audiences in order that licensee may earn tip income from entertainment appearances;

### IT IS HEREBY AGREES AS FOLLOWS:

1. Landlord herby leases to tenant the right to use its stage area and other facilities located at 1416 chancellor St. Philadelphia pa 19102 under the terms and conditions specified below for the purpose of entertaining the patrons of the landlord.

2. The undersigned performer, tenant represents that she is of legal age and understands that there is to be no lewd touching of the breast or genitals by the performer or the customer at any time.

3. Any procuring, buying or selection of drugs inside or outside of the gold club is strictly prohibited by the gold club and the law.

4. The performer/tenant shall abide by the laws of the commonwealth of Pennsylvania and of the United States of America as well as the rules and regulations of the gold club.

5. Any violation of the rules and regulations of the owner will result in the termination of this tenancy agreement and possible legal action by the owner or the proper authorities.

6. The gold club shall have the right to impose such rules and regulations on the use of the premises by the performer as owner, which in its sole and absolute discretion shall deem necessary and appropriate. Performer/tenant agrees to be bound by and otherwise adhere to each and every rule and regulation imposed by owner in connection with her use of the premises.

STATUS OF THE PARTIES: The parties here to acknowledge that the status created between owner and performer is that of a lease for use of the premises. The parties hereto specifically negate any employment relationship. Performer shall exclusively be responsible for and pay all federal, state, and local taxes and contribution imposed or required at any time by unemployment, workman's compensation, social security and income tax laws, and any other applicable laws, rules or regulations imposed or asserted in any connection with any income earned by performer at the premises. Performer hereby specifically acknowledges that the rent paid by performer pursuant to the lease would have been significantly greater if the relationship between owner and performer were deemed to be that of any employer/employee. Performer acknowledges and agrees that in the event that any governing federal or state agency determines that the relationship between owner and performer is other than that of landlord and tenant, performer agrees to reimburse and otherwise hold owner harmless from any and all moneys determined to be due performer.

If the aforesaid action was initiated or supported by performer's assertion that the relationship is other than landlord and tenant, then in addition to the reimbursement here to fore sent forth, performer shall pay owner all additional actual and reasonable attorney's fees in defense thereof.

EXHIBIT 1 to Weithoner Dec.
Page 1

8. Costumes: performer shall supply her own costumes and wearing apparel of any kind and nature, and owner shall have no routines must be professional and entertaining

9. NATURE OF PERFORMANCE: owner shall have no right to direct or control the nature, content, character, manner of means of the performer's performance. Performer acknowledges and agrees however to perform live semi-nude or costumed entertainment consistent with the type of entertainment regularly legally performed at the premises.

10. RENTAL PAYMENT: In exchange for the use of lessons stage area, performer shall pay a rental fee of ---per diem. The performer must perform during all hours of each shift for which she has let the premises. The rental is due and payable on the day of each performance regardless' of the performers income on a particular day. This rental fee is subject to change without notice.

11. Any and all income to be received by the performer shall be from customers directly and not from the owner/landlord.

12. Both the owner and performer rely upon the supreme court of the united states of America in marlar,inc. v. united states and jjr,inc v united states among other decisions which recognize the validity of stage rental agreements for performers.

13. As an independent contractor the performer/tenant acknowledges that she is required to file her own federal, state, and local income tax returns and is fully responsible for the payment of all income taxes due and owing on such returns.

14. Each party to this agreement may terminate the agreement upon the giving of the other party written notice of three days or more.

15. The artist licensee is free to perform at other establishments without restriction provided that she adheres to the schedule of performance that she agrees to perform as per her scheduling.

16. If any dispute arises out of this agreement it shall be settled by arbitration in accordance with the rules and regulations of the American arbitration association in Philadelphia by a sole arbitrator made available through the American arbitration association which shall be final and conclusive and binding upon both parties. Licensor and licensee shall each pay their own costs and expenses of abrasion including but not limited to their own respective attorneys face if any.

THIS IS A LEGAL AND BINDING AGREEMENT BY SIGNING BELOW LICENSCEE ACKNOWLEDGES THAT SHE HAS READ AND UNDERSTANDS THIS AGREEMENT.

_____    X _____
LAN LORD/OWNER/LICENSOR         TENANT/PERFORMER/LICENSCEE

EXHIBIT 1 to Weithoner Dec.
Page 2