**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JESSICA HERZFELD, on behalf of herself and all others similarly situated, | ) ) ) |
| | ) Case No. 2:14-cv-04966-PD |
| Plaintiff, | ) ) |
| | ) Hon. Joseph F. Leeson, Jr. |
| v. | ) ) |
| 1416 CHANCELLOR, INC. d/b/a THE GOLD CLUB, and DOES 1 through 10, inclusive, | ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO REASSIGN THIS MATTER TO PHILADELPHIA DIVISION**

Plaintiff Jessica Herzfeld hereby files this response in opposition to Defendant's motion to reassign this matter to the Philadelphia division,[1] and states as follows:

**Background Facts**

1.     Plaintiff filed this action on August 26, 2014, seeking to recover damages for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*, the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.* and common law.

2.     Plaintiff alleges that she and similarly situated dancers at Defendant's Gold Club were improperly classified by Defendant as independent contractors, and as a consequence Defendant failed to properly pay Plaintiff and other dancers mandatory wages pursuant to the FLSA, PMWA, and WPCL.

---

[1] In its motion, Defendant mislabels the parties in several locations, including the document title, ¶ 3, ¶ 5 (second reference should be to Plaintiff), ¶ 16, and the certificate of service.  To be clear, Defendant is moving for reassignment, and Plaintiff opposes the motion.

3.　　　The case was initially assigned to Judge Paul S. Diamond in the Philadelphia division.

4.　　　Defendant moved to dismiss or to stay proceedings and compel arbitration on October 23, 2014. (Doc. 3).

5.　　　After nearly two months of briefing, Judge Diamond denied Defendant's motion without prejudice on December 12, 2014.  Judge Diamond indicated in his order that he was likely to require the parties to engage in some limited discovery before reconsidering the motion. (Order, Doc. No. 13, at 2).  Judge Diamond also set a case management conference date of December 19, 2014.  (*Id.* at 3).

6.　　　At the request of counsel for Defendant, the December 19 conference was rescheduled to January 20, 2015.  (Doc. Nos. 14–15).

7.　　　The January 20, 2015 conference was cancelled by Judge Diamond.  Judge Diamond's chambers informed Plaintiff's counsel that the reason for the cancellation was that the case had been designated for reassignment.

8.　　　This case was reassigned to Judge Leeson on January 28, 2015. (Doc. No. 24). An initial case management conference was scheduled for March 3, 2015.  (Doc. No. 25). Defendant filed its motion to reassign the case to the Philadelphia division on February 11, 2015. (Doc. 26).

## Reassignment Would Not Serve the Interests of Justice

9.　　　When considering whether to transfer a case to another division, the Court may consider the convenience of the parties and whether the transfer would be "in the interests of justice." 28 U.S.C. § 1404(a).  "When determining whether to transfer a case between divisions (an 'intradistrict transfer'), courts are guided by the same factors that apply to transfers between

districts (an 'interdistrict transfer')… 'At a minimum the Court must consider whether a transfer would be convenient to the parties and witnesses and in the interest of justice.'" *Zanghi v. FreightCar Am., Inc.*, No. CIV.A. 3:13-146, 2014 WL 130985, at *9 (W.D. Pa. Jan. 14, 2014) (quoting *Desir v. Hovensa*, L.L.C., CIVIL 2007/97, 2012 WL 3191959, at *1 (D.Vi. Aug. 7, 2012)).

10.     Although Plaintiff is sympathetic to the health conditions of Mr. Milicia and his wife, reassignment is not in the interest of justice in this case.  Plaintiff filed this action in August of 2014.  As the facts described above demonstrate, the litigation has barely progressed over the past six months.  These delays have been beyond Plaintiff's control.

11.     In this case, any delays are extremely prejudicial to the putative opt-in members of the FLSA collective action because the statute of limitations is still running on their claims. "For an opt-in plaintiff, the statute of limitations is tolled only when that individual plaintiff files written consent." *Titchenell v. Apria Healthcare Inc.*, No. CIV.A. 11-563, 2011 WL 5428559, at *7 (E.D. Pa. Nov. 8, 2011); *see also Taylor v. Pittsburgh Mercy Health Sys., Inc.*, No. CIV.A.09-377, 2009 WL 1324045, at *1 (W.D. Pa. May 11, 2009) ("time is of the essence for the purposes of FLSA notice because the statute of limitations is not tolled until a potential plaintiff opts into the proposed collective action") (internal quotations omitted).

12.     Potential members of the collective action are not likely aware of this pending action and have not yet had an opportunity to opt-in.  In the meantime, many of those potential opt-ins are gradually losing portions of their claims due to the statute of limitations.

13.     If this case is sent back into the random assignment pool in the Philadelphia division, it could very well take another month or more (depending on the docket load of the next judge) before an initial case management conference is held.  This potential loss of timely claims

3

for numerous dancers significantly outweighs the relatively minor inconveniences to the parties and witnesses identified in Defendant's motion.  Thus, the interests of justice weigh in favor of denying Defendant's motion and allowing this case to proceed.

14.     Based on the reassignment order entered in this case, the assignment to Judge Leeson's calendar was made pursuant to the Court's random reassignment procedures and was approved by Chief Judge Tucker.  (Doc. No. 24).  After a case has been randomly assigned, courts should be cautious to grant transfer motions without strong justification because, as with "related action" designations and motions for recusal, there is a risk that the basis for the moving party's motion may be the desire to receive a more favorable assignment through "judge shopping." *Cf. Cerini v. Warrior Energy Servs., Inc.*, No. 2:14-CV-00637, 2014 WL 7015992, at *3 (W.D. Pa. Dec. 11, 2014); *Sherfey v. Johnson & Johnson*, No. CIV.A. 12-4162, 2012 WL 3550037, at *2–3 (E.D. Pa. Aug. 17, 2012); *In re Johnson-Allen*, 68 B.R. 812, 819 (Bankr. E.D. Pa. 1987).  In this case, protecting the integrity of the random assignment process also weighs against Defendant's motion.

### The Inconvenience to the Parties is Not Significant and the Potential Hardship to Mr. Milicia Can Be Mitigated

15.     Although Plaintiff does not dispute most of the facts asserted in Defendant's motion, Plaintiff believes that the relatively short distance between Philadelphia and Allentown (approximately 65 miles) is too insignificant to pose a major inconvenience to counsel, the parties, or potential witnesses residing in Philadelphia.

16.     Plaintiff's counsel is based in Pittsburgh, and as Defendant correctly notes, Plaintiff is currently residing in London, England (though her permanent residence in the United States is now in Ohio).  As such, the difference in distance between those cities and Allentown as compared to Philadelphia is not significant to Plaintiff.

4

17.     The majority of discovery in this case, such as depositions and document inspection, can take place in Philadelphia and will not require anyone to travel to Allentown. The parties and witnesses will most likely not be required to travel to Allentown frequently before trial.  Due to the fact that this case is still in its early stages, trial is still far in the future, and may not happen at all.  Therefore, the potential inconveniences of trial should not be given great weight.

18.     As to the potential hardship to Mr. Milicia, Plaintiff is willing to accommodate Defendant by making good faith efforts to conduct potential pretrial activities such as mediation and depositions in or around Philadelphia. To the extent permitted by the Court, Plaintiff will also consent to Mr. Milicia's participation by phone for status conferences and other similar pretrial hearings held in Allentown.

## Conclusion

For the reasons stated above, Plaintiff believes that the potential conveniences of transfer to Philadelphia are outweighed by the interests of justice.  Plaintiff respectfully requests that the Court deny Defendant's motion.

Dated:  February 20, 2015                Respectfully submitted,

                                         /s/ *Gary F. Lynch*
                                         Gary F. Lynch, Esq.
                                         CARLSON LYNCH SWEET & KILPELA
                                         115 Federal Street, Suite 210
                                         Pittsburgh, PA 15212
                                         412-322-9243
                                         glynch@carlsonlynch.com

                                         *Attorney for Plaintiff*

5

**<u>Certificate of Service</u>**

I hereby certify that on February 20, 2015, I filed the foregoing document using the Court's CM/ECF system, which will generate automatic electronic service to the counsel for Defendant identified below:

> Pasquale J. Colavita
> 1026 Winter Street
> Suite 300B
> Philadelphia, PA 19107
> 215-351-5300
> pjcolavita@verizon.net

Further, I served a copy of the foregoing document by U.S. mail on the following attorney who is not registered with the Court's CM/ECF system:

> BRADLEY J. SHAFER
> 3800 CAPITAL CITY BLVD SUITE 2
> LANSING, MI 48906
> 517-886-6560

> /s/*Gary F. Lynch*
> Gary F. Lynch, Esq.