IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA HERZFELD, on behalf of herself and All others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> 1416 CHANCELLOR, INC., d/b/a THE GOLD CLUB, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: 2:14-CV-04966-MAK <br><br> Hon. Mark A. Kearney |

**DEFENDANT 1416 CHANCELLOR, INC.'S, MOTION TO STAY PROCEEDINGS OR TO CONFIRM STAY, PENDING APPEAL**

NOW COMES 1416 Chancellor, Inc., by and through counsel, and pursuant to FED. R. CIV. P. 8(a)(1)(A), 9 U.S.C. § 16(a), and the Court's inherent authority, hereby moves this Court for entry of an order staying proceeding pending resolution of the interlocutory appeal taken by Defendant 1416 Chancellor, Inc.

*Procedural History:*

1. On, August 26, 2014, Plaintiff Jessica Herzfeld filed her Class/Collective Action Complaint (ECF Doc. No. 1).

2. On October 23, 2014, Defendant 1416 Chancellor, Inc., filed its Motion to Compel Arbitration and to Dismiss or to Stay Proceedings (ECF Doc. No. 3).

3. On December 12, 2014, the Court (Hon. Paul S. Diamond) entered an Order (ECF Doc. No. 13) denying Defendant's motion to compel arbitration without prejudice.

4. After reassignment of the case, on March 6, 2015, the Court entered an Order (ECF Doc. No. 30) setting forth deadlines for discovery on the issue of arbitration and for Defendants to renew their motion to compel arbitration.

5. On May 11, 2015, Defendant filed Defendant's Renewed Motion to Compel Arbitration and to Dismiss or to Stay Proceedings (ECF Doc. No. 40) pursuant to Fed. R. Civ. P. 12(b) and 9 U.S.C. § 3.

6. After oral argument on the matter, on July 22, 2015, the Court entered an Order (ECF Doc. No. 48) denying Defendant's renewed motion to compel arbitration.

7. On July 29, 2015, Defendant filed a Notice of Appeal (ECF Doc. No. 50) taken pursuant to 9 U.S.C. § 16(a)(1)(a) from the Court's Order (ECF Doc. No. 48) and the accompanying opinion (ECF Doc. No. 47). The Notice of Appeal cited Ehleiter v. Grapetree Shores, Inc., 482 F.3d 207, 215 n. 6 (3d Cir. 2007) to note that "the Third Circuit follows the majority rule[ ] that a notice of appeal pursuant to 9 U.S.C. § 16(a) automatically divests a district court of jurisdiction where the appeal is neither frivolous nor forfeited."

8. The undersigned counsel for Defendant has conferred with counsel for plaintiff and explained the basis for and relief requested by this motion. Although it originally appeared this motion could be submitted on consent, ultimately, Defendant was unable to obtain consent from Plaintiff to the relief requested by this motion.

*Legal Authority:*

9. Under the law of the Third Circuit, when a party files a by-right interlocutory appeal pursuant to 9 U.S.C. § 16(a) from an order denying a motion to compel arbitration under 9 U.S.C. § 3, the district court is "automatically" divested of jurisdiction, unless the appeal is deemed forfeited or frivolous. Ehleiter, 482 F.3d at 215 n. 6. "According to the majority of courts of

appeals, this standard strikes an appropriate balance between the following competing concerns: promoting efficient dispute resolution; avoiding inconsistent handling of a case; and preventing a party from disrupting a schedule or 'stalling' by filing a frivolous appeal." Kirleis v. Dickie, McCamey & Chicolte, PC, Civil Action No. 06-1495, 2007 WL 3023950, at *2 n. 3 (W.D. Penn. Oct. 12, 2007), *aff'd on other grounds*, 560 F.3d 156 (3d Cir. 2009) (citing McCauley v. Halliburton Energy Servs., Inc., 413 F.3d 1158, 1162-63 (10th Cir.2005); Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1253 (11th Cir.2004); Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc., 128 F.3d 504, 505 (7th Cir.1997)).

10. Defendant's appeal is neither frivolous nor forfeited, as described in further detail in the accompanying memorandum in support. Defendant has alleged a *prima facia* case of entitlement to a stay under 9 U.S.C. § 3.

11. If any issue asserted by Plaintiff is subject to mandatory arbitration with Defendant, the entire case must be stayed pending arbitration. Mendez v. Puerto Rican International Companies, Inc., 553 F.3d 709, 712, 715 (3d Cir. 2009).

12. Even if a stay pending appeal on all issues were not mandatory, such a stay is appropriate to preserve judicial resources, avoid inconsistent judgments, and give effect to the arbitration agreement between the parties.

13. Thus, this matter should be stayed in its entirety pending the outcome on appeal.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests this Honorable Court enter an order staying all proceeding in this case or confirming that the case is stayed, pending the outcome of Defendant's interlocutory appeal taken pursuant to its Notice of Appeal (ECF Doc. No. 50) and further order of the Court.

Respectfully Submitted,

Dated: August 11, 2015                              */s/ Matthew J. Hoffer*
                                                             Matthew J. Hoffer
                                                             SHAFER & ASSOCIATES, P.C.
                                                             Michigan Bar No. P 70495
                                                             3800 Capital City Blvd. Suite 2
                                                             Lansing, MI  48906
                                                             Telephone:  (517) 886-6560
                                                             Facsimile:  (517) 886-6565
                                                             Matt@BradShaferLaw.com
                                                            *Attorney for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 11th Day of August, 2015, I filed the foregoing document with the Clerk of the Court via the Court's CM/ECF system, thereby causing service by operation of the CM/ECF system upon:

Gary F. Lynch
glynch@carlsonlynch.com
Jamisen Etzel
jetzel@carlsonlynch.com
Carlson Lynch Sweet & Kilpela, LLP
115 Federal Street, Suite 210
Pittsburgh, PA 15212
*Attorneys for Plaintiff*

                                    */s/ Matthew J. Hoffer*
                                SHAFER & ASSOCIATES, P.C.