IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JESSICA HERZFELD**, on behalf of herself and all others similarly situated | : CIVIL ACTION : : |
| v. | : : : NO. 14-4966 |
| **1416 CHANCELLOR, INC. d/b/a THE GOLD CLUB, and DOES 1 through 10, inclusive and THE APM CLUB, INC. d/b/a THE GOLD CLUB** | : : : : |

## ORDER

**AND NOW**, this 9th day of June 2017, following discovery on conditional certification and class certification (ECF Doc. Nos. 68), considering Plaintiff's Motion to conditionally certify a Fair Labor Standards Act collective action (ECF Doc. No. 98), Plaintiff's Motion to certify a class action under Rule 23 (ECF Doc. No. 97), Defendant's Response to both Motions (ECF Doc. No. 102) and for reasons more fully described in the accompanying Memorandum, it is **ORDERED** Plaintiff's Motions (ECF Doc. Nos. 97, 98) are **GRANTED in part and DENIED in part** upon our findings:

I. **We conditionally certify a collective action under the Fair Labor Standards Act for conduct on or before January 24, 2016.**

1. We **GRANT** Plaintiff's Motion to conditionally certify this action to proceed as a collective action (ECF Doc. No. 98) against 1416 Chancellor and APM Club, as successor, under the Fair Labor Standards Act on behalf of:

   **All Dancers of the Gold Club in Philadelphia, Pennsylvania at any time from August 26, 2011 until January 24, 2016.**

2. **Collective Findings.** Plaintiff makes a modest factual showing the dancers are "similarly situated." Plaintiff adduced evidence 1416 Chancellor misclassified all dancers as

independent contractors in the same manner. Plaintiff adduced evidence 1416 Chancellor uses the same fee schedule, tip-out requirements, rules, and regulations for all dancers. This evidence is sufficient to satisfy our first-tier review of Plaintiff's "modest factual showing" all dancers are "similarly situated" for purposes of 1416 Chancellor's misclassification of the dancers as independent contractors.

3. **Draft Notice to the collective.** Plaintiff shall circulate a <u>draft</u> court-facilitated notice and protocol to Defendants no later than **June 16, 2017**, Defendants shall comment upon the draft and protocol to Plaintiff by **June 21, 2017**, and Plaintiff shall move for approval of her proposed Court-facilitated notice with a memorandum not exceeding ten (10) pages and identifying all areas of disagreement on the notice in an attached black-lined version of the proposed Notice on or before **June 27, 2017**. Defendants may file memoranda not exceeding ten (10) pages explaining its dispute with the proposed protocol or proposed black-lined notice on or before **July 6, 2017**.

## II. We deny certification for a collective action under the Fair Labor Standards Act for conduct on or after January 25, 2016.

4. We **DENY** Plaintiff's request to certify a collective action (ECF Doc. No. 98) on or after January 25, 2016 when APM Club purchased the club. Plaintiff did not dance at the Gold Club during APM Club's ownership and lacks standing to bring a claim because she cannot plead a personalized injury she suffered caused by APM Club's conduct.

**III. We certify a Rule 23(b)(3) class action under Pennsylvania's Minimum Wage Act, Pennsylvania's Wage Payment and Collection Law, and unjust enrichment cause of action for conduct on or before January 24, 2016.**

5. We **GRANT** Plaintiff's Motion to certify (ECF Doc. No. 97) the Pennsylvania claims 1416 Chancellor and APM Club, as successor: (1) violated Pennsylvania's Minimum Wage Act by improperly classifying her as an independent contractor failing to pay minimum wage and overtime; (2) violated Pennsylvania's Wage Payment and Collection Law by taking her tips to cover its business expenses; and, (3) she unjustly enriched 1416 Chancellor by remitting her tips and working promotional events without pay under Fed. R. Civ. P. 23 on behalf of the defined "Class":

> **All former Dancers of the Gold Club in Philadelphia, Pennsylvania at any time from August 26, 2011 until January 24, 2016.**

6. **Class Findings.** As more fully detailed in the accompanying Memorandum, we find Fed. R. Civ. P. 23(a) and (b)(3) requirements are amply satisfied:

    a. **Numerosity.** The Class is sufficiently numerous with at least 100 members;

    b. **Commonality.** The Class has commonality because the 1416 Chancellor used standardized documents to classify its dancers as independent contractors and used the same fee structure, dance fees, and tip-out policies for all class members;

    c. **Typicality.** Plaintiff's claim is typical of the Class because 1416 Chancellor misclassified all members as independent contractors in the same manner. 1416 Chancellor also raises the same defenses of proper classification as independent contractor for all dancers;

    d. **Adequacy of Representation.** Plaintiff is an adequate representative of the Class because she shares the same claims as the Class and has no antagonistic interests to the

3

Class. Jamisen A. Etzel, Esquire and Gary F. Lynch, Esquire and the law firm Carlson Lynch Sweet Kilpela & Carpenter are qualified, experienced, and able to conduct this litigation.

    e.  **Predominance.** Plaintiff and the Class share the predominate cause of action alleging 1416 Chancellor: (1) violated Pennsylvania's Minimum Wage Act by misclassifying her as an independent contractor and failing to pay minimum wage and overtime; (2) violated Pennsylvania's Wage Payment and Collection Law by taking her tips to cover its business expenses; and, (3) was unjustly enriched by taking her tips and forcing her to work promotional events without pay; and,

    f.  **Superiority.** A class action is the superior method for adjudication for the Class' minimum wage claims because of the small size of individual recoveries and the brief period of time some class members worked for 1416 Chancellor at the Gold Club.

7.  **Class Representative.** Jessica Herzfeld is an adequate representative of the Class and we certify her as the Class representative.

8.  **Class Counsel.** Lead Plaintiff's counsel firm Carlson Lynch Sweet Kilpela & Carpenter, LLP is authorized to act on behalf of the Class with respect to all actions required by, or necessary to be taken under, the Rules of Civil Procedure and this Court's Orders and Policies.

9.  **Notice to the Class.** Class Counsel shall circulate a <u>draft</u> court-approved notice and notice protocol compliant with Fed. R. Civ. P. 23(c)(2)(B) to Defendants no later than **June 16, 2017**, Defendants shall comment upon the draft and protocol to Plaintiff by **June 21, 2017**, and Plaintiff shall move for approval of the proposed Court-facilitated notice with a memorandum not exceeding ten (10) pages and identifying all areas of disagreement on the notice in an attached black-lined version of the proposed Notice on or before **June 27, 2017**.

Defendants may file memoranda not exceeding ten (10) pages explaining their dispute with the proposed protocol or proposed black-lined notice on or before **July 6, 2017**.

**IV. We deny certification of a Rule 23(b)(3) class action under Pennsylvania's Minimum Wage Act, Pennsylvania's Wage Payment and Collection Law, and unjust enrichment cause of action for conduct on or after January 25, 2016.**

10. We **DENY** Plaintiff's request to certify a class action (ECF Doc. No. 97) against APM Club for conduct on or after January 25, 2016. Plaintiff did not dance at the Gold Club during APM Club's ownership and she lacks standing to bring a claim for conduct on or after January 25, 2016 because she cannot plead a personalized injury caused by APM Club's conduct.

KEARNEY, J.