# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JESSICA HERZFELD, on behalf of herself and all others similarly situated** | **CIVIL ACTION** |
| v. | **NO. 14-4966** |
| **1416 CHANCELLOR, INC. d/b/a THE GOLD CLUB, and DOES 1 through 10, inclusive and THE APM CLUB, INC. d/b/a THE GOLD CLUB** | |

## ORDER

**AND NOW**, this 13th day of July 2017, upon considering Plaintiff's Motion for approval of a form of notice and notice protocol (ECF Doc. No. 107) and Defendant's Response (ECF Doc. No. 108), it is **ORDERED** Plaintiff's Motion (ECF Doc. No. 108) is **GRANTED in part** and **DENIED in part** and we **approve** the Form of Notice of a Pennsylvania Class and Collective Action claims attached as "Exhibit A" subject to:[1]

1. On or before **July 24, 2017**, Defendant shall produce in a computer readable format the name, job title and last known mailing addresses of all prospective plaintiffs of the collective action and all members of the class action.

2. On or before **July 31, 2017**, Plaintiff shall first-class mail the respective Court approved Notices (attached as Exhibit "A" with addition of identifying the Class/Collective Administrator) to the class and prospective collective action members. On or before **July 28,**

---

[1] We deny Defendants' request to include more references to their counterclaims because the Notice adequately covers counterclaims and additional references may create a chilling effect. We also deny Defendants' request to refer to class and collective members' possible tax liability because possible tax liability is speculative and may discourage class and collective members from joining the litigation. *See Curtis v. Vision's*, No. 12-244, 2013 WL 4028523 at *7 (E.D. Ark. Aug. 7, 2013) (denying defendants' request to include defendants' allegation class members were independent contractors and responsible for their own tax liability and the class may be assessed costs in the class/collective notice).

**2017**, the identified Class/Collective Administrator shall file an affidavit disclosing conflicts of interest including relationships with Class Counsel or Jessica Herzfeld.

3. The envelope in which the notices and consent forms are mailed will be Plaintiff's counsel's standard business envelopes with pre-printed firm name, firm logo and mailing address, to which will be added the name and mailing address of the intended recipient (if counsel does not use a glassine windowed envelope).

4. Other than posting in the workplace under this Order, the attached Court approved Notices to the prospective class members will be the only unsolicited communication, by Plaintiff or Plaintiff's Counsel, to such individuals about joining this lawsuit during the opt-in period (*i.e.*, there will not be a "reminder" mailing, telephone solicitations, etc.)

5. For any Notices returned as undeliverable, Defendant shall produce to Plaintiff's counsel within three (3) days of receiving e-mail notice from Plaintiff's counsel of a returned Notice, the individual's: (a) last known e-mail address; (b) last four digits of their Social Security Number; and, (c) the individual's last known telephone number(s) for the sole purpose of Plaintiff's counsel running an address skip trace. For a Notice returned once as undeliverable, Class Counsel shall immediately perform an address skip trace and re-mail Notice one more time to a <u>new</u> address obtained through the skip trace.

6. If Class Counsel cannot secure first-class mail delivery under Paragraph 5 of this protocol, it may immediately e-mail the Notice to the last known e-mail address for undeliverable first-class mail recipients and request the e-mail recipient to confirm receipt.

7. The prospective FLSA plaintiffs shall return an executed Consent to Sue Form to

Class Counsel (the "Notice Period") no later than **September 18, 2017.**[2] The Consent to Sue Form must either be postmarked or received via facsimile or electronic mail by Class Counsel no later than **September 18, 2017.**

8. The Pennsylvania class members may return an executed Request for Exclusion form to Class Counsel no later than **September 18, 2017**. The Request for Exclusion must either be postmarked or received *via* facsimile or electronic mail by Class Counsel no later than **September 18, 2017**.

9. Plaintiff's Counsel will provide one day's advance notice to Defendant's counsel of the date upon which Notice will be mailed and e-mailed. The list of names and addresses is strictly confidential and to be destroyed upon final Order.

10. On or before **July 31, 2017,** Defendant shall post one (1) copy of the court-approved notice of class/collective action in a conspicuous location accessible to the dancers/entertainers (*e.g.* near OSHA or other workplace posts, or near a water fountain) posted until **September 18, 2017 at 8:00 P.M.**

11. Class Counsel shall file the executed Consent to Sue Forms upon receipt.

12. The statute of limitations for each opt-in FLSA Plaintiff is based on the date the opt-in Plaintiff's Consent to Sue Form is filed with the Court.

13. Class Counsel shall file the Requests for Exclusion Forms no later than **September 22, 2017**.

14. Consistent with their professional obligations, counsel shall meaningfully confer to resolve disputes concerning this Notice Protocol and any late filed Consent to Sue Forms and/or Request for Exclusion Forms.

---

[2] Given this Notice affects dancers/entertainers working at <u>one</u> location, we find this Period to be sufficient.

_____
KEARNEY, J.

# EXHIBIT A

(NOTICE OF A COLLECTIVE AND CLASS ACTION)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSICA HERZFELD, on behalf of herself and all others similarly situated | : : : : | CIVIL ACTION |
| v. | : : | NO. 14-4966 |
| 1416 CHANCELLOR, INC. d/b/a THE GOLD CLUB, and DOES 1 through 10, inclusive and THE APM CLUB, INC. d/b/a THE GOLD CLUB | : : : : | |

## If you are or were a dancer/entertainer who performed at the Gold Club, a lawsuit may affect your rights

- A dancer/entertainer, Jessica Herzfeld, has sued 1416 Chancellor Inc., doing business as *The Gold Club*, and APM Club, Inc., doing business as *The Gold Club*, claiming she was misclassified as a non-employee and not paid appropriate wages.

- The Court allowed the lawsuit to be a class/collective action on behalf of all dancers/entertainers who performed at *The Gold Club* located at 1416 Chancellor Street in Philadelphia from August 26, 2011 to January 24, 2016.

- The Court has not decided whether The Gold Club did anything wrong. There is no money available now, and no guarantee there will be. However, your legal rights are affected, and you have a choice to make now.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **DO NOTHING** | **Stay in the class action. Decline joining the collective action. Keep some rights. Give up other rights.**<br><br>By doing nothing, you stay in the class action, but do not join the collective action. You keep the possibility of getting money or benefits that may come from trial or settlement of certain claims, but not others, and may be subject to counterclaims against you. You give up any rights to sue *The Gold Club* separately for certain claims in the lawsuit, but keep others. |
| **ASK TO JOIN** | **Stay in the class action and join the collective action. Give up certain rights.**<br><br>If you ask to join, you will be part of both the class and collective action. You keep the possibility of getting money or benefits from all claims, but give up your rights to sue *The Gold Club* separately for all claims in the lawsuit. You may be subject to counterclaims against you. |

1

| ASK TO BE EXCLUDED | **Get out of this Lawsuit. Decline joining the Collective Action. Keep rights.** If you ask to be excluded and money or benefits are later awarded, you will not share in those. You will not be subject to counterclaims. You keep rights to sue *The Gold Club* separately about the same legal claims in this lawsuit. |
|---|---|

- Your options are explained in this Notice. To ask to join or to be excluded, you must act on or before **September 18, 2017**. Only entertainers who performed within the last three years are eligible to join the collective action, but anyone receiving this notice may ask to be excluded.

- Lawyers must prove the claims against The Gold Club and defend claims The Gold Club asserts against the class/collective. If money or benefits are obtained from The Gold Club or against you, you will be notified.

- **Any Questions?** Read on. You should read this entire notice and understand its contents.

> THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION BY THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES ASSERTED BY EITHER SIDE IN THIS LITIGATION. THE SOLE PURPOSE OF THIS NOTICE IS TO INFORM YOU OF THE LAWSUIT SO THAT YOU CAN MAKE AN INFORMED DECISION ABOUT WHETHER YOU WANT TO PARTICIPATE IN THIS CLASS/COLLECTIVE ACTION LAWSUIT.

## BACKGROUND

On August 26, 2014, named Plaintiff Jessica Herzfeld brought this case on behalf of herself and all other similarly situated dancers/entertainers who worked at Gold Club located at 1416 Chancellor Street in Philadelphia, PA since August 26, 2011.

Plaintiff amended her complaint on January 11, 2017, adding new defendants, including APM Club, Inc., which is the current owner/operator of the Gold Club, having purchased it on or around January 2016 from the previous owner, Defendant 1416 Chancellor, Inc. Plaintiff alleges Gold Club's current owner, Defendant APM Club, Inc., is liable to her and all dancers/entertainers who performed at Gold Club between 2011 and January 2016 because it assumed liability from the previous owner, Defendant 1416 Chancellor, Inc.

Plaintiff alleges the Defendants misclassified dancers/entertainers at Gold Club as independent contractors, required them to pay fees to work, and did not pay wages under the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Law, the Pennsylvania Wage Payment Collection Law, and the common law doctrine of unjust enrichment (collectively, the "PA state laws"). Specifically, Plaintiff alleges dancers/entertainers are entitled to be paid the minimum wage for all hours they worked as entertainers, and premium overtime compensation for all hours worked in excess of forty (40) per workweek. Plaintiff also seeks an additional amount equal to the unpaid wages as liquidated damages, as well as the return of any payments made to or withheld by the Gold Club or other workers. Finally, Plaintiff seeks to recover

attorneys' fees and costs from the Defendants.

Defendants deny Plaintiff's allegations and maintain: 1) Plaintiff and the potentially similarly situated dancers were properly classified as non-employees and do not have claims under the FLSA or the PA state laws; 2) even if Plaintiff and the potentially similarly situated dancers are found to be employees, the service charges the dancers charged for private dances satisfy any wage obligations, so no monies are owed. The present owner, Defendant APM Club, Inc., also asserts a defense it did not assume liability from the previous owner, Defendant 1416 Chancellor, Inc.

Both Defendants are also alleging counterclaims against Plaintiff and against any other dancers who may join her in the future. Defendants assert in the event Plaintiff or any other dancer is found to be an employee, the mandatory fees the dancer earned performing services as an employee on behalf of Defendants belong to the Defendants, and the dancers must return those monies to the Defendants. Plaintiff denies the counterclaims and maintains Defendants have no legal right to the mandatory fees the dancers earned while performing.

On June 9, 2017, the Court certified the case to proceed as an opt-in collective action under the FLSA and authorized the sending of a notice to individuals who may be eligible to join in those claims. The Court also certified the PA state law claims to proceed as an opt-out class action. This Notice is not an expression of any opinion by the Court as to the merits of any claims or defenses asserted by any party. There is no guarantee you will be entitled to recover money if you participate in the lawsuit. This litigation is currently in progress and is in the "discovery" phase with trial scheduled for this Fall 2017. The Court has not decided whether Plaintiff or either of the Defendants is correct; either side may win or lose, depending on how the case develops.

## CLASS & COLLECTIVE DEFINITION / PERSONS ELIGIBLE TO JOIN FLSA CLAIM

The United States District Court for the Eastern District of Pennsylvania ordered this Notice be distributed to:

**All dancers/entertainers who performed at the Gold Club, 1416 Chancellor Street in Philadelphia, PA, at any time between August 26, 2011 and January 24, 2016.**

Individuals who *only* performed at Gold Club as "feature dancers" under a contract that included a guaranteed appearance fee paid by Gold Club are excluded from this lawsuit.

You are included in the class/collective definition even if you signed a contract with the Gold Club, provided you did not receive a guaranteed performance fee directly from Gold Club for each day you performed. If you have any questions about whether you are part of the PA state law class or are eligible to join the FLSA collective, please contact Plaintiff's Counsel using the contact information below.

## YOUR RIGHT TO JOIN IN THE FLSA CLAIMS

If you fit the definition above, you may choose to join the FLSA claims brought in lawsuit by mailing, emailing or faxing the attached "Plaintiff FLSA Consent Form" to the Class/Collective Administrator, listed below, for filing with the Court:

[CLASS/COLLECTIVE ADMINISTRATOR]

The Plaintiff FLSA Consent Form must be received by the Class/Collective Administrator on or before **September 18, 2017**. You also have the option to file the consent form with the Court yourself, or to hire your own counsel.

**Due to the statute of limitations, any FLSA claims you may have against Defendants will expire with the passage of time if you do not file the FLSA Consent Form or start your own lawsuit.**

## EFFECTS OF JOINING OR NOT JOINING IN THE FLSA CLAIMS

If you choose to join the FLSA claims in this lawsuit, you and Defendants will be bound by any ruling, judgment or settlement regarding the FLSA claims in the lawsuit, whether favorable or unfavorable to you. If your FLSA claim succeeds in court or is resolved through settlement, you may receive a monetary recovery.

If you join, you may be required to provide information and/or testify under oath about your work at Gold Club, including but not limited to the circumstances of your work at the Gold Club, the hours you worked, and the monies you earned. If you have any physical or electronic documents or communications relating in any way to your work at the Gold Club, do not throw them away or delete them. The Court will determine at a later time what your obligations are during the discovery process.

If you join, your continued right to participate in this lawsuit may depend upon the Court's later decision you and the Named Plaintiff are "similarly situated" in accordance with applicable laws and it is appropriate for this case to continue proceeding as a collective action lawsuit.

If you do <u>not</u> join, you will not recover anything from Defendants for FLSA violations in this lawsuit, even if the other dancers/entertainers win. You would be free to take action on your own or do nothing at all, but the statute of limitations will eventually cause your claims to expire unless you join this action or timely file your own lawsuit.

## YOUR RIGHT TO EXCLUDE YOURSELF FROM THE PA STATE LAW CLASS

The Court certified this case as a class action with respect to the PA state law claims, which means that all of the dancers' claims under Pennsylvania law should be decided together.

This means *you are deemed to be a class member* in this case, and will continue to be part of this case, *unless you exercise your right to exclude yourself* from the lawsuit on or before **September 18, 2017**.

If you want to exclude yourself from this lawsuit, you must complete and submit the "Request for Exclusion" form to the Class/Collective Administrator:

[CLASS/COLLECTIVE ADMINISTRATOR]

## EFFECTS OF EXCLUDING OR NOT EXCLUDING YOURSELF

*If you exclude yourself from PA state law claims in this case, the following will apply to you:*

1. You will not be bound by any judgment regarding the PA state law claims in this lawsuit.
2. You will not be represented by Plaintiff's Counsel.
3. You will not share in the distribution of any damages recovered for the class members in this lawsuit.
4. You may pursue PA state law claims against the Defendant on your own. However, you may lose part or all of your claims due to the statute of limitations.

When deciding whether you want to be excluded from the PA state law class claims, you are advised to consult an attorney as there are legal issues which require consideration.

*If you do not exclude yourself from the PA state law claims before September 18, 2017, you will remain in the class and the following will apply to you:*

1. You will be represented with respect to the PA state law claims by Plaintiff's Counsel, which is Carlson Lynch Sweet Kilpela & Carpenter, LLP.
2. You will receive notice of any ruling affecting the size of the class and notice of any proposed settlement or dismissal of class claims or of any judgment rendered by the Court.
3. You will be bound by any judgment or final disposition of the class lawsuit, whether that disposition is favorable or unfavorable to you.
4. You will be part of the distribution of any damages recovered in the litigation.

## STATUTE OF LIMITATIONS

The FLSA has a maximum statute of limitations of two (2) or potentially three (3) years. If you choose to join the FLSA claims in this lawsuit, you may be able to recover money damages if you were misclassified and denied overtime wages for time you worked within two (2) years, and in some cases within three (3) years, of the date your Plaintiff FLSA Consent Form is filed. Unless the Court determines to "toll" the statute of limitations for equitable reasons, your claims may be dismissed if you *last* worked at Gold Club more than three years

before the date your consent form is filed. If you choose not to join in this lawsuit or to wait, some or all of your potential claims may be barred and it could be too late to start a new action in the future.

The PA state law claims have been "tolled" since the lawsuit was filed, meaning if you remain in the PA state law class action, you can recover damages dating back to August 26, 2011. However, you may lose this benefit if you exclude yourself from the class or if the Court later "decertifies" the class action or modifies the class definition in a way that excludes you.

If you have any questions about whether your claims are within the statute of limitations, contact Plaintiff's Counsel.

## SUMMARY OF ACTIONS YOU MAY TAKE AND EFFECTS

| Actions | Effects |
|---|---|
| **Ask to Join:** Submit Plaintiff FLSA Consent form **and** do not submit Request for Exclusion form. | • **You will be a party to the lawsuit for all claims.**<br>• You will join the action for purposes of the federal FLSA claims.<br>• You will remain a class member for purposes of the Pennsylvania state law claims.<br>• You will be bound by the outcome of the lawsuit.<br>• You may need to provide relevant documents and testimony.<br>• You will not be able to file a separate lawsuit for the same claims.<br>• You will be eligible to recover money if Plaintiffs are successful. |
| **Ask to be Excluded** Do not submit Plaintiff FLSA Consent form **and** submit Request for Exclusion form. | • **You will not be a party to the lawsuit for any claims.**<br>• You will not join the action for purposes of the federal FLSA claims.<br>• You will remove yourself from the class action lawsuit for purposes of the Pennsylvania state law claims.<br>• You will not be bound by the outcome of the lawsuit.<br>• You will not need to provide relevant documents or testimony unless you are subpoenaed as a third party witness by one of the parties.<br>• You will be free to file a separate lawsuit for the same claims, unless barred by the statute of limitations.<br>• You will not be eligible to recover money in this lawsuit, even if Plaintiffs are successful. |
| Do nothing at all. | • **You will be a party to the lawsuit for some claims, but not all.**<br>• You will not join the action for purposes of the federal FLSA claims, but you will remain a class member for purposes of the PA state law claims.<br>• You will be bound by the outcome of the PA state law claims, but not the federal FLSA claims.<br>• You will not need to provide relevant documents or testimony |

6

|  | unless one of the parties requests it and the Court approves.<br>• You may file your own lawsuit for FLSA claims if not barred by the statute of limitations, but you may not file a separate lawsuit for the same PA state law claims asserted in the class action.<br>• You will be eligible to recover money for violations of the PA state laws, but not for violations of the FLSA, even if other Plaintiffs are successful on those claims. |
|---|---|

**Note**: if you submit both the Plaintiff Consent form and the Request for Exclusion form, Plaintiff's Counsel will contact you for clarification before filing the forms with the Court. *It is not typical to submit both forms, except in uncommon circumstances.*

## NO RETALIATION PERMITTED

The law prohibits retaliation against employees for exercising their rights under the FLSA. Therefore, Defendants are prohibited from firing you or retaliating against you in any other manner because you choose to participate in this lawsuit.

If you believe you are being retaliated against or someone is attempting to influence whether you participate in this lawsuit in a way that you feel is improper, you should consult with an attorney, or contact the U.S. Department of Labor or the Pennsylvania Department of Labor & Industry.

## YOUR LEGAL REPRESENTATION IF YOU JOIN THE FLSA COLLECTIVE ACTION OR REMAIN IN THE PA STATE LAW CLASS ACTION

With respect to the FLSA claims, Plaintiff counsel will represent you if you send the attached Plaintiff Consent Form to the Class/Collective Administrator:

[CLASS/COLLECTIVE ADMINISTRATOR]

Plaintiff's Counsel, who would represent you, are:

Gary F. Lynch & Jamisen Etzel
Carlson Lynch Sweet Kilpela & Carpenter, LLP
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Fax: (412) 231-0246
Email: glynch@carlsonlynch.com & jetzel@carlsonlynch.com

If you do not exclude yourself from the PA state law claims, these same attorneys will represent you and have been appointed Class Counsel by the Court.

In either instance, these attorneys will be paid on a contingency fee and/or statutory basis which means if there is no recovery, there will be no attorneys' fees. No matter the outcome, you will not need to pay Plaintiff's current counsel out of your own pocket for representing you in this case. If there is a recovery, the attorneys will ask the Court to be paid a percentage of any settlement obtained or money judgment entered in favor of all members of the class to cover their fees and expenses.

If you do not join the FLSA claims *and* you exclude yourself from the PA state law claims, you will not be represented by Plaintiff's Counsel at all. You also have the right to hire a different attorney and then file your FLSA own lawsuit, or join this one.

## **FURTHER INFORMATION / STILL HAVE QUESTIONS?**

Further information about this lawsuit or this notice can be obtained by contacting Plaintiff's Counsel at the address, telephone number, or email address provided above.

## **CONCLUSION**

THIS NOTICE AND ITS CONTENT HAS BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF PENNSYLVANIA, THE HONORABLE MARK A. KEARNEY. THE COURT HAS MADE NO DECISION ABOUT THE MERITS OF PLAINTIFF'S CLAIMS OR DEFENDANTS' CLAIMS OR DEFENSES.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA HERZFELD, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br>v.<br><br>1416 CHANCELLOR, INC., et al.<br><br>      Defendants. | Civil Action No.: 2:14-CV-04966-MAK<br><br><br>**PLAINTIFF FLSA CONSENT FORM** |

  1.  I hereby consent to join this lawsuit brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, to recover damages I believe I am owed arising out of my work at the Gold Club.

  2.  I worked as an entertainer/dancer at the Gold Club in Philadelphia, PA on at least one date between August 26, 2011 and January 24, 2016.

  3.  I understand that I may be required to provide information, including but not limited to information regarding the circumstances of my activities at the Gold Club, the dates I performed at the Gold Club, and the monies I earned while performing at the Gold Club.

  4.  I hereby designate the law firm of Carlson Lynch Sweet Kilpela & Carpenter, LLP to represent me in this action and to pursue any and all claims raised in that action against any and all defendants to that action.

  5.  I authorize the representative Plaintiff or Plaintiff's Counsel to file this consent with the Clerk of the Court. I hereby further authorize the representative Plaintiff and Plaintiff's Counsel to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, including any settlement, and to be represented in this case for all purposes by Counsel for the representative Plaintiff unless I give notice otherwise.

Date:_____  Signature: _____

            Print Name: _____
                *(printed name <u>must</u> be legible)*

# INFORMATION FORM

No information included below will be filed with the Court. This information is being collected by Plaintiff's counsel for the sole purposes of recordkeeping and communicating with you about this case and related issues if they may specifically affect you or your rights. Plaintiff's counsel will not share the information with anyone except with Defendant as necessary for purposes of this lawsuit.

PLEASE PRINT OR TYPE THE FOLLOWING INFORMATION:

Name: _____
     (First)              (Middle)          (Last)

Dates performed at the Gold Club: _____ to _____

Street Address: _____

City, State, Zip Code: _____

Home Phone: _____ Work Phone: _____ Cell Phone: _____

Email: _____

*Social Security Number: _____ Date of Birth: _____

Email, Fax, or Mail this form and the consent form to:

    [CLASS/COLLECTIVE ADMINISTRATOR].

* SSNs are not required at this time to join the lawsuit. SSNs are requested solely to facilitate payments to you, such as if a settlement or judgment is obtained, or to help counsel get in touch with you if your contact information changes and counsel cannot reach you using information you provided. Counsel will keep this information strictly confidential, and will only share it with trusted parties when necessary to process payments and prepare tax documents.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA HERZFELD, on behalf of herself and all others similarly situated,<br><br>                      Plaintiff,<br>v.<br><br>1416 CHANCELLOR, INC., et al.<br><br>                      Defendants. | Civil Action No.: 2:14-CV-04966-MAK<br><br>**REQUEST FOR EXCLUSION** |

By completing, signing, and returning this form, I affirm I do **not** want to participate in the class action lawsuit referenced above.

I understand this class action lawsuit seeks unpaid wages which may be owed to me under the Pennsylvania Minimum Wage Act and other forms of relief under the Pennsylvania Wage Payment and Collection Law and the doctrine of unjust enrichment.

I understand if I submit this form, I will not receive any benefit from any ruling, settlement, or judgment, whether favorable or unfavorable to me, and that the statute of limitations will begin running again on my claims.

Date:_____  Signature: _____

Print Name: _____

*(printed name must be legible)*

**[THE RED FORM]**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JESSICA HERZFELD, on behalf of herself and all others similarly situated** : | CIVIL ACTION |
| v. : | |
| : | NO. 14-4966 |
| **1416 CHANCELLOR, INC. d/b/a THE GOLD CLUB, and DOES 1 through 10, inclusive and THE APM CLUB, INC. d/b/a THE GOLD CLUB** : | |

## REQUEST FOR EXCLUSION FROM A CLASS ACTION

By completing and returning this form, I affirm I do **not** want to join the class action lawsuit referenced above, pending in the United States District Court for the Eastern District of Pennsylvania. I understand that this class action lawsuit seeks unpaid minimum wages that may be owed to me under the Pennsylvania Minimum Wage Act. I understand if I ask to be excluded from this class action lawsuit, I will not receive any benefit from any ruling, settlement or judgment, whether favorable or unfavorable.

Date:_____

_____
Printed Name

_____
Signature

E-mail, Fax or Mail to:
Gary F. Lynch & Jamisen Etzel
Carlson Lynch Sweet Kilpela & Carpenter, LLP
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Fax: (412) 231-0246
Email: glynch@carlsonlynch.com & jetzel@carlsonlynch.com

**[THE GREEN FORM]**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JESSICA HERZFELD, on behalf of herself and all others similarly situated** : | **CIVIL ACTION** |
| v. : | |
| : | **NO. 14-4966** |
| **1416 CHANCELLOR, INC. d/b/a THE GOLD CLUB, and DOES 1 through 10, inclusive and THE APM CLUB, INC. d/b/a THE GOLD CLUB** : | |

## CONSENT FORM TO JOIN A COLLECTIVE ACTION

1.  I consent to join the above-captioned lawsuit brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, to recover compensation I am owed by my current/former employer, Gold Club in Philadelphia, PA.

2.  During the applicable period, I worked as entertainer/dancer at the Gold Club in Philadelphia, PA, owned by 1416 Chancellor, Inc. located in the Commonwealth of Pennsylvania. I was not paid the mandated minimum wage for all hours worked.

3.  I designate the law firm of Carlson Lynch Sweet Kilpela & Carpenter, LLP, to represent me in this action.

4.  I authorize the representative Plaintiff or Plaintiff's Counsel to timely file this consent with the Clerk of the Court. I further authorize the representative Plaintiff to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, including any settlement, and to be represented by Counsel for the representative Plaintiff.

Date:_____

_____
Printed Name

_____
Signature

No Information Included Below Will be Filed With the Court
PLEASE PRINT OR TYPE THE FOLLOWING INFORMATION:

Name: _____
       (First)                     (Middle)                 (Last)

Street Address: _____

_____
City                                            State     Zip Code:

Home Phone: _____

Work Phone: _____

Cell Phone: _____

Email: _____

Social Security Number: _____ OR Date of Birth: _____

E-mail, Fax or Mail to:
Gary F. Lynch & Jamisen Etzel
Carlson Lynch Sweet Kilpela & Carpenter, LLP
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Fax: (412) 231-0246
Email: glynch@carlsonlynch.com & jetzel@carlsonlynch.com