## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JESSICA HERZFELD, on behalf of** | : | **CIVIL ACTION** |
| **herself and all others similarly situated** | : | |
| | : | |
| **v.** | : | |
| | : | **NO. 14-4966** |
| **1416 CHANCELLOR, INC. d/b/a THE** | : | |
| **GOLD CLUB, and DOES 1 through 10,** | : | |
| **inclusive** | : | |

## ORDER

**AND NOW,** this 31st day of January 2018, upon considering Plaintiff's unopposed
Second Motion for Preliminary Approval of the Class/Collective Action Settlement (ECF Doc.
No. 149) attaching the Proposed Class Notice (ECF Doc. No. 149-2), Proposed Claim Form
with Release and Exclusion Form (ECF Doc. No. 149-3) and Class Action Settlement
Agreement (ECF Doc. No. 149-4), following our January 22, 2018 hearing on preliminary
approval and the parties fully addressing the Court's concerns on distribution of settlement
proceeds to all class members and protection of class members during the extended distribution
given the Defendant's financial concerns, it is **ORDERED** Plaintiff's Second Motion for
Preliminary Approval (ECF Doc. No. 149) is **GRANTED**:

1.     Jessica Herzfeld, individually and on behalf of similarly situated dancers asserts
claims against 1416 Chancellor, Inc., APM Club, Inc. and Anthony P. Milicia (collectively
"Gold Club") for allegedly violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et
seq.* and Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §333.101 *et seq*, the
Pennsylvania Wage Payment and Collection Law and for a common law claim of unjust
enrichment.

2.      On June 9, 2017, we certified this case as a class action under Fed. R. Civ. P. 23 with respect to state law claims accrued by all dancers at Gold Club between August 26, 2011 and January 24, 2016 (the "State Law Class"). We also conditionally certified the case as a collective action under the FLSA for the FLSA claims accrued before January 24, 2016. The parties mailed an approved notice on July 31, 2017 to 116 dancers. Upon our approved language, the notice advised the dancers they could opt in to the under 29 U.S.C. § 216(b) to assert their FLSA claims, and they could opt out of the State Law Class under Fed. R. Civ. P. 23 if they wished to pursue their state law claims on an individual basis. As of today, six individuals filed opt-in forms under 29 U.S.C. § 216(b) (the "FLSA Opt-in Class"). Class Counsel received no requests for exclusion from the State Law Class under Fed. R. Civ. P. 23.

3.      Following extensive discovery, depositions and during the pendency of summary judgment motions as we prepared for the date certain January 31, 2018 jury trial, Ms. Herzfeld, Class Counsel and Gold Club agreed to a Settlement Agreement resolving the claims.

4.      Supplemental jurisdiction exists over the state law claims asserted by Ms. Herzfeld and the Settlement Class Members under 28 U.S.C. §1367(a) because the state law claims are factually so closely related to Ms. Herzfeld's FLSA claims and there is such a substantial overlap in the identity of the FLSA putative Plaintiffs and putative members of the State Law Class, they form part of the same case or controversy under Article III of the United States Constitution. All federal and state claims derive from a common nucleus of operative facts and would ordinarily be tried in one judicial proceeding. Moreover, considerations of judicial economy, convenience, and fairness to litigants weigh in favor of addressing the state law claims in the same proceeding as the federal law claims.

5.      **Preliminary Approval of Settlement**: We **preliminarily approve** the terms of the Settlement Agreement (ECF Doc. No. 149-4) as being fair, reasonable and adequate, are a fair and reasonable compromise of a *bona fide* dispute over the payment of minimum wage and/or overtime pay, and imposition of alleged improper wage deductions under the Fair Labor Standards Act (FLSA), Pennsylvania Minimum Wage Act (PMWA), Pennsylvania Wage Payment and Collection Law (WPCL) and/or Pennsylvania common law and in the best interest of Ms. Herzfeld and Settlement Class Members, defined below.[1]   Settlement of the Settlement Class Members' claims under the Class and Collective Action Complaint and the Settlement Agreement is the most expeditious, efficient, and fair means of resolving such claims. This Order shall govern to the extent any terms in the Settlement Agreement differ from obligations imposed by this Order.

6.      The **Settlement Class** is 117 individuals in both the State Class and FLSA opt-in Class including 117 individuals who are State Class Members and 7 individuals who are also FLSA opt-in Class Members.

a.      **FLSA opt-in Class Members** in the Settlement Class means 7 dancers affirmatively opting-in this Action under Section 216(b) of the FLSA.

---

[1] Preliminary approval is not a rubber stamp of a proposed agreement. *In re Nat'l Football Players' Concussion Injury Litig.*, 961 F.Supp.2d 708, 715 (E.D.Pa. 2014).  As we addressed during our preliminary approval hearing, we must screen for "obvious" problems and deficiencies and ensure the settlement negotiations occurred at arm's length; sufficient discovery; and, the proponents are experienced in similar litigation. *Kopchak v. United Resource Systems, et al.*, No. 13-5884, 2016 WL 4138633 (E.D.Pa. Aug. 4, 2016)(citing *Harlan v. Transworld Sys., Inc.*, 302 F.R.D. 319, 324 (E.D.Pa. 2014)).  This settlement satisfies each of these tests as the parties vigorously litigated the issues in this misclassification case, including in an appeal of our denial of arbitration to our Court of Appeals, deposed witnesses, negotiated terms to address Gold Club's financial challenges, revised the settlement to address our concerns and we find the attorneys are experienced in these cases.

b.      The **State Law Class** in the Settlement Class means all former and current dancers (i) sent a copy of the Notice under our June 9, 2017 Order and (ii) who have not filed a Request for Exclusion with the Court before January 19, 2018.

7.      **Settlement Administrator**:  Having confirmed no conflicts with the parties or counsel, the Court approves Analytics Consulting, LLC as Settlement Administrator to administer the Settlement Agreement as detailed therein.

8.      **Final Approval Hearing**:  We will hold a Settlement Final Fairness Hearing on **June 14, 2018 at 10:00 A.M., United States Courthouse, 601 Market Street, Courtroom 6-B, Philadelphia, Pennsylvania 19106** ("Hearing on Final Approval") to determine whether: the terms and conditions provided in the Settlement Agreement are fair, reasonable, and adequate and should be finally approved; the Released Claims should be dismissed with prejudice; Class Counsel's application for an award of attorneys' fees not to exceed $128,700 and reimbursement of costs and expenses (including all claims administration expenses) and a service award of no more than $10,000 for Ms. Herzfeld and $1,000 to four deponents (collectively "Service Award") should be approved; and, any other issues necessary for approval.

9.      **Approved Notices to Settlement Class**: The Court approves the attached form of Notice of Settlement ("Notice") ("Exhibit A") subject to being amended to incorporate this Order.

a.      As soon as possible and no later than **February 15, 2018**, the Settlement Administrator, is authorized and directed to issue the Notice to Settlement Class Members by first class mail; If the Notice is returned as undeliverable, the Settlement Administrator will perform one skip trace and resend Notice by First Class United States Mail to those Settlement Class Members for whom it obtains an updated address.

4

b.      **On or before February 15, 2018**, the Settlement Administrator shall create a website or a link on its website attaching .pdf images of the Complaint, Answer, the Settlement Agreement, Notice, Exclusion and Claim Forms this Order and any further filings as made, including any application by Class Counsel for attorneys' fees and reimbursement of litigation expenses and for a Service Award.  The website shall also include a "frequently asked questions" with corresponding answers.

c.      The Settlement Administrator shall, no later than **February 20, 2018**, file with the Court proof of mailing of the Notice to the Settlement Class and creation and posting of the specific information on a dedicated link on its website.

10.     **Motion in Support of Final Settlement Approval**:  Class counsel shall move for final approval of the settlement including addressing any attached unresolved objections, dismissal, application by Class Counsel for attorneys' fees, reimbursement of litigation expenses and a Service Award no later than **June 4, 2018**. Copies of such materials shall be available for inspection at the office of the Clerk of this Court and made available on the website identified in the Class Notice. Until such time as the Court can make a final determination as to the propriety of the Settlement Agreement at the Final Approval Hearing, the Parties are hereby ordered to comply with the terms of the Settlement Agreement and this Order.

### *Exclusion and Objections to Settlement*

11.     **Opting-out of the Settlement**.  A Settlement Class Member may opt-out or exclude herself from the Settlement Class only by submitting the Exclusion Form attached as Exhibit "B" to this Order and to the Settlement Agreement (ECF Doc. No. 149-3) by mailing the exclusion form **postmarked on or before May 18, 2018 to the Claims Administrator.**

5

12.     **Objecting to the Settlement**. A Settlement Class Member who wishes to participate in the Settlement but objects to certain terms may only be heard or entitled to object to the approval of the terms and conditions of the Settlement Agreement, the final approval of the Settlement Agreement, Class Counsel's application for an award of attorneys' fees and payment of expenses, or award of a Service Payment by timely filing written objections and copies of any supporting papers and briefs ("Objection") with the Clerk of Court for the Eastern District of Pennsylvania and mailing the Objection to counsel for both parties **postmarked on or before May 18, 2018**.

13.     Only Class Members shall have rights with respect to approval of or objection to the Settlement Agreement, the application by Class Counsel for an award of attorneys' fees and reimbursement of litigation expenses, and request for a Service Payment.

14.     Any Class Member who has not requested exclusion from the Settlement may appear at the **June 14, 2018** Final Approval Hearing in the United States District Court in Philadelphia to show cause as to his or her position on the Settlement Agreement and on the Court's reviewing the Settlement Agreement as fair, reasonable, and adequate; why the Settlement Agreement should not receive final approval by the Court; why Class Counsel should not be awarded attorneys' fees, costs and expenses; or, why the Court should not approve a Service Award, in whole or in part.

15.     Any Class Member may enter an appearance in this action, at his or her own expense, individually or through counsel of his or her own choice. Class Members who do not enter an appearance will be represented by Plaintiff's Counsel.

16.     Any Class Member who does not opt-out or object in the manner prescribed above shall have waived such Objection and shall be forever foreclosed from making any

6

Objection to the fairness, adequacy, or reasonableness of the Settlement Agreement or the Order and Final Judgment to be entered possibly approving the Settlement Agreement, Class Counsel's application for an award of attorneys' fees, costs and expenses, or Plaintiff's request for a Service Award.

17.     **Stay pending Final Approval Hearing**: Pending final determination of whether the Settlement Agreement should be approved, all discovery and proceedings in this Court are stayed, except for proceedings expressly allowed by this Order.

### *Attorneys' Fees, Costs and Incentive Awards*

18.     Following the **June 14, 2018** Final Approval Hearing, the Court will issue an Order on Class Counsel's motion for an award of attorneys' fees and reimbursement of reasonable expenses and for a Service Award.

19.     All reasonable costs incurred in identifying and notifying Class Members, as well as administering the Settlement Agreement and distributing payments under the Settlement Agreement, shall be paid as set forth in the Settlement Agreement subject to the Court's final approval.

20.     Should the Court grant final approval and grant Class Counsel's Motion for attorneys' fees, costs and expenses ("Fee Award"), the Claims Administrator shall disburse the Fee Award in accordance with the Settlement Agreement.

21.     The administration of the Settlement Agreement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person or entity to participate in the Settlement Agreement remain under this Court's jurisdiction.

KEARNEY, J.

7

# <u>Exhibit A</u>

Proposed Class Notice

## NOTICE OF CLASS ACTION SETTLEMENT

**TO:** **All persons who performed as entertainers at Gold Club (1416 Chancellor Street, Philadelphia, PA) between and including August 26, 2011 and January 25, 2016 and were classified as Independent Contractors.**

**PLEASE READ THIS NOTICE CAREFULLY, AS IT MAY AFFECT YOUR LEGAL RIGHTS TO RECEIVE PAY RELATED TO AND/OR RESULTING FROM THE ALLEGED EMPLOYMENT PRACTICES AT GOLD CLUB**

**TO GET THE FULL AMOUNT OF MONEY AVAILABLE TO YOU IN THE SETTLEMENT, YOU <u>MUST</u> COMPLETE AND RETURN THE CLAIM FORM POSTMARKED ON OR BEFORE [deadline], 2018.**

- The Settlement resolves a lawsuit alleging that the owners/operators of Gold Club, an exotic nightclub located at 1416 Chancellor Street, Philadelphia, PA, improperly classified its Dancers as independent contractors instead of employees, resulting in the alleged failure to pay minimum or overtime wages, and the imposition of improper wage deductions.

- The Settlement avoids costs and risks to you from continuing the lawsuit, entitles certain persons to Settlement relief, and releases Gold Club's owners and operators from any liability. You have received this notice because Gold Club's records indicate that you may be a member of the Settlement Class.

- Your legal rights are affected whether you act or do not act. Please read this Notice carefully.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

| | |
|---|---|
| **SUBMIT A CLAIM FORM** | You will be included as a member of the Settlement Class and receive payments from two funds. The first fund (1/3 of Net Claims Fund) will be evenly distributed to all class members. The second fund (2/3 of Net Claims Fund) will be proportionally distributed based on the amount of time you worked at Gold Club compared to other claimants. You will give up any right to sue Gold Club for the claims addressed and/or resolved by this Settlement. |
| **EXCLUDE YOURSELF** | This is the only option that allows you the right to participate in another lawsuit for yourself only against Gold Club if you wish, relating to the legal claims in this case. You will receive no payment from the Settlement. |
| **OBJECT** | You may file an objection with the Clerk of the Court if you do not like this Settlement. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | You will be included as a member of the Settlement Class for purposes of the state law claims. You will participate in the |

first fund (1/3 of Net Claims Fund) and you and all Class Members will receive equal shares of that fund. You will **not** share in the second fund, (2/3 of Net Claims Fund), which will be distributed proportionally only to those Class Members who submit claims. You will give up any right to sue Gold Club for the state law claims resolved by this Settlement, but you will not give up your right to bring a Fair Labor Standards Act claim in another lawsuit.

- These rights and options – and the deadlines to exercise them – are explained in this Notice.
- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## 1.    What is this lawsuit about?

On August 26, 2014, named Plaintiff Jessica Herzfeld brought this case on behalf of herself and all other similarly situated dancers/entertainers who worked at Gold Club located at 1416 Chancellor Street in Philadelphia, PA since August 26, 2011. Plaintiff alleged the Defendants misclassified dancers/entertainers at Gold Club as independent contractors, required them to pay fees to work, and did not pay wages under the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Law, the Pennsylvania Wage Payment Collection Law, and the common law doctrine of unjust enrichment (collectively, the "PA state laws"). Specifically, Plaintiff alleged dancers/entertainers are entitled to be paid the minimum wage for all hours they worked as entertainers, and premium overtime compensation for all hours worked in excess of forty (40) per workweek.

Plaintiff amended her complaint on January 11, 2017, adding new defendants, including APM Club, Inc., which is the current owner/operator of the Gold Club, having purchased it on or around January 2016 from the previous owner, Defendant 1416 Chancellor, Inc. Plaintiff alleged Gold Club's current owner, Defendant APM Club, Inc., is liable to her and all dancers/entertainers who performed at Gold Club between 2011 and January 2016 because it assumed liability from the previous owner, Defendant 1416 Chancellor, Inc.

The Defendants denied that they were liable for any of Plaintiff's claims and denied that they were the employers of Gold Club's entertainers.

## 2.    Why is this a class action?

In a class action, one or more people, called Class Representatives (in this case, Jessica Herzfeld), sue on behalf of people who are similarly situated and have similar claims. All these people (known and unknown) are Class Members. One Court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

On June 9, 2017, the Court certified this case as a class action with respect to state law claims accrued by all dancers at Gold Club between August 26, 2011 and January 24, 2016 (the "State Law Class"). The Court also conditionally certified the case as a collective action under the FLSA for the FLSA claims accrued prior to January 24, 2016. An approved notice was mailed on July 31, 2017 to 116 class members/putative opt-ins. The notice advised the class members/opt-ins that they could opt in to the litigation under 29 U.S.C. § 216(b) in order to assert their FLSA claims, and that they could opt out of the State Law Class under Fed. R. Civ. P. 23 if they wished to pursue their state law claims on an individual basis. As of the date of this filing, a total of six individuals filed opt-in forms under 29 U.S.C. § 216(b) (the "FLSA Opt-in Class"). No individuals have previously opted out of this lawsuit.

## 3. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Defendants. Plaintiffs think that they could have prevailed at trial. Defendants think that they could have prevailed at trial. But there was no trial. Instead, both sides agreed to a Settlement. That way, both sides avoid the costs of a trial and the people allegedly affected will get compensation. The Class Representative and her attorneys think that the Settlement is best for all Class Members.

## 4. How do I know if I am part of the Settlement?

All persons who performed as entertainers at Gold Club (at 1416 Chancellor Street) between and including August 26, 2011 and January 25, 2016 are members of the class and are eligible to participate in the settlement.

## 5. I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help. You can call 1-800-

## 6. What does the Settlement provide?

Gold Club has agreed to establish a Gross Settlement Fund of $415,000 to settle the lawsuit. Gold Club will pay into the Gross Settlement Fund through four installment payments over a three-year period. Class Members shall be entitled to receive compensation as follows:

- A total of $21,000 will be divided evenly between the seven FLSA Opt-in Plaintiffs. (The "FLSA Enhancement Fund").

- All Class Members will receive payments from at least one portion of Net Claims Fund. The Net Claims Fund will consist of all amounts remaining in the Gross Settlement Fund after the following amounts are deducted: 1) the FLSA Enhancement Fund; 2) any award of attorneys' fees and expenses (not to exceed 35% of the Gross Settlement Fund); 3) incentive awards to the Named Plaintiff and four other individuals who sat for depositions, not to exceed $14,000; and 4) the amount of the costs of administering this settlement.

- Class Counsel estimates that the Net Claims Fund will be approximately $216,300, but that amount may increase or decrease depending on the costs of administering this settlement and the size of the incentive payment and attorney fee and expense awards granted by the Court.

4

- The Net Claims Fund will be further divided into two funds. First, 33.3% of the Net Claims Fund will be distributed in equal shares to all Class Members, whether or not they submit claim forms. This is called the Equal Distribution Fund. Class Counsel estimates that these shares will be at least $615, but the shares may be smaller if additional class members are located during the claim period.

- The remainder of the Net Claims Fund (66.7%) will be the Proportional Distribution Fund. The Proportional Distribution Fund will be distributed only to Class Members who submit claim forms. The fund will be split into proportional shares based on the amount of time each Claimant is determined to have performed at Gold Club compared to the time performed at Gold Club by the other Claimants. The Claims Administrator will determine the proportions based on any available evidence, including any information submitted by Claimants.

- All of the Gross Settlement Fund will be distributed to Claimants or allocated towards incentive awards, attorneys' fees and expenses, and administration costs. No funds will revert to the Defendants. In the unlikely event that a small amount of money remains in the Gross Settlement Amount after the Claims Administrator has attempted to pay all claims but is not able to locate a Claimant after numerous attempts, and if the amount is too small to re-distribute to the remaining Claimants in an economically sensible fashion, then Class Counsel may ask the Court to permit the remaining sum to be donated to a charity.

- Settlement payments to Class Members will be made at three different times. The first will be approximately 104 days after the Settlement is granted final approval by the Court. That payment will include all shares of the Equal Distribution Fund, and one-third portions of the FLSA Enhancement Fund payments and any incentive awards granted by the Court. The second payment will be made one year after the first payment, and will include one-half of a Claimant's share of the Proportional Distribution Fund, and one-third portions of the FLSA Enhancement Fund payments and any incentive awards granted by the Court. The third payment will be made one year after that (two years after the first payment), and will include the second half of a Claimant's share of the Proportional Distribution Fund and the final thirds of the FLSA Enhancement Fund payments and any incentive awards.

- The Defendants' promise to fund the Gross Settlement Amount in four payments over three years will be secured by granting the Class Members a security interest in the Gold Club's liquor license, furniture, fixtures, and equipment, which are currently owned by Defendant APM Club, Inc. The Claims Administrator will be named as the secured party and, if necessary, will act as receiver on behalf of Class Members and Class Counsel. If the Claims Administrator receives any assets in the event of Defendants' default, the assets will be sold and the proceeds will be used to fund the settlement.

## 7.    How can I get Settlement relief?

If you received this notice in the mail, you are already listed as a Class Member and will automatically receive an Equal Distribution Fund payment. To ensure that you receive all the money that you are entitled to under the settlement, you should also submit a Claim Form to participate in the Proportional Distribution Fund. You should completely fill out the "Claim Form and Release" that accompanies this Notice and return it to the following address: [insert address]. The "Proof of Claim" must be postmarked by [insert date].

5

If you do not submit a claim, you will not receive any shares of the Proportional Distribution Fund.

If did not receive the notice in the mail or you are not sure whether you are listed as a Class Member, you should contact the Claims Administrator or Class Counsel and submit a Claim Form.

### 8.    When would I get Settlement relief?

The Court will decide whether to approve the Settlement. If the Court approves the Settlement, then the Defendants will have approximately 90 days to make their first payment into the Gross Settlement Fund, and will make payments for Class Member relief once a year for two more years. The Claims Administrator will distribute your portion of each installment payment within 14 days. All shares of the Equal Distribution Fund will be paid in the first installment, as will portions of the FLSA Enhancement Funds and incentive awards. If you submit a claim, you will receive half of your share of the Proportional Distribution Fund from the second installment (one year after the first payment) and another half from the second installment (two years after the first payment).

### 9.    What am I giving up to get Settlement relief or stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Gold Club or the other entities released in the Settlement Agreement. It also means that all of the Court's orders will apply to you and legally bind you.

### 10.    Can I exclude myself from the Class?

If you do not wish to participate in this Settlement, you must notify Class Counsel in writing of your intent to be excluded. There is a red form attached to this notice that you can fill out and submit if you wish to be excluded.

You must mail your exclusion request, postmarked no later than [insert cite] to:

[Insert address.]

If you ask to be excluded, you will not get Settlement relief and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue Gold Club or the other entities released in the Settlement Agreement in the future regarding the legal issues in this case.

### 11.    If I don't exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Gold Club and the other entities released in the Settlement Agreement for the claims that this Settlement resolves. If you have a pending lawsuit, involving the same claims that this Settlement resolves, speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue your own lawsuit. If you have a pending lawsuit on matters not addressed in this Settlement, you may continue that lawsuit against Defendants.

### 12.    If I exclude myself, can I get Settlement relief from this Settlement?

No. If you exclude yourself, do not send in a claim form to ask for Settlement relief.

**13.     Do I have a lawyer in this case?**

The law firm of Carlson Lynch Sweet Kilpela & Carpenter, LLP represents you and other Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**14.     How will the Class Counsel lawyers be paid?**

Class Counsel will ask the Court to approve payment of attorneys' fees and expenses of not more than 35% of the Settlement Amount, which if approved by the Court, will be paid by Gold Club out of the Gross Settlement Fund. Class Counsel will not receive their payment until all Claims have been satisfied (*i.e.*, the fourth installment payment will be used for Class Counsel's fees and expenses). In addition, Class Counsel will ask for an "incentive payment" of $10,000 to Jessica Herzfeld for her service as Class Representative and will ask that the Court award $1,000 to the four other individuals who gave depositions in this case. Defendants have agreed not to oppose the request for these fees and expenses.

**15.     How can I object to the Settlement?**

If you are a Class Member, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter that you object to the Class Settlement in *Herzfeld v. 1416 Chancellor, Inc. et al.* (Case No. 2:14-cv-04966) (E.D. Pa.). Be sure to include your name, address, telephone number, signature, and the reasons you object to the Settlement. You must file the objection with the Clerk of the Court and serve notice of the objection to Plaintiffs' Class Counsel and Defense Counsel at the following addresses postmarked no later than [insert date]:

CLASS COUNSEL
ATTN: Jamisen Etzel or Gary Lynch
Carlson Lynch Sweet & Kilpela, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243

GOLD CLUB'S COUNSEL
ATTN: Matt Hoffer
Shafer & Associates, P.C.
3800 Capital City Boulevard, Suite 2
Lansing, MI 48906
Tel: 517-886-6560; Fax: 517-886-6560

AND

Pasquale J. Colavita
Pasquale J. Colavita, P.C.
1026 Winter Street, Suite 300B
Philadelphia, PA 19107
Tel: 215-351-5300; Fax 215-440-7882

The Court may decline to consider your objection if you miss the deadline.
**16.     What's the difference between objecting and excluding?**

7

Objecting is telling the Court that you do not agree with the Settlement, in whole or in part. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**17.    When and where will the Court decide whether to approve the Settlement?**

The District Court will hold a fairness hearing to decide whether grant final approval of the Settlement. The Fairness Hearing will be held on [insert date and time] at the Court, James A. Byrne U.S. Courthouse, 601 Market Street, [Courtroom], Philadelphia, PA 19106. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections or requests to be heard, the Court may consider them at the hearing. The Court may also decide the amount of attorneys' fees and costs to be paid to Class Counsel.

**18.    Do I have to come to the Hearing?**

No. Class Counsel will answer questions that the Court may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

**19.    May I speak at the hearing?**

You may attend the fairness hearing and ask the Court for permission to speak. You cannot speak at the hearing if you have excluded yourself.

**20.    What happens if I do nothing at all?**

If you do nothing, you will only get a share of the Equal Distribution Fund and you will release the state law claims brought in this lawsuit. You will lose the right to participate in the Proportional Distribution Fund if you fail to submit a Claim Form. Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the state law claims in this case, ever again.

**21.    How do I get more information?**

The foregoing is only a summary of the circumstances surrounding the Litigation, the claims asserted, the Class, the Settlement, and related matters. You may seek the advice and guidance of Class Counsel or your own private attorney (at your own expense), if you desire. For more detailed information, you may review the pleadings, records, and other papers on file in this Litigation, which may be inspected during regular business hours at the Court. For information about how to file a claim, you may call the Claims Administrator at _____. If you wish to communicate with Class Counsel identified above, you may do so by writing to Gary Lynch, Carlson Lynch Sweet Kilpela & Carpenter, LLP, 1133 Penn Avenue, 5th Floor, Pittsburgh, PA 15222. Alternatively, you may call the offices of the firm at (412) 322-9243. Please do not contact the Judge or Clerk of Court to obtain information about this case or the proposed settlement.

# Exhibit B

Proposed Claim & Exclusion Forms

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JESSICA HERZFELD, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>1416 CHANCELLOR, INC., f/d/b/a THE GOLD CLUB, APM Club, Inc. d/b/a/ THE GOLD CLUB, ANTHONY P. MILICIA, and DOES 1 Through 10, inclusive,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 2:14-CV-04966-MAK<br>)<br>)<br>)  Hon. Mark Kearney<br>)<br>)<br>)<br>)<br>) |

## CLAIM FORM AND RELEASE

**Instructions:** Please read this document carefully. Complete this Claim Form and Release if you want to participate in the Proportional Distribution Fund of the Settlement that is described in the enclosed Notice to Class Members. The deadline for mailing this Form to the Settlement Administrator is _____ (as evidenced by the postmark). You will forfeit the right to participate in the Proportional Distribution Fund if you fail to meet this deadline.

1.     PLEASE PROVIDE THE FOLLOWING INFORMATION:

*The information you provide in this section will be used to determine how much money you are entitled to receive under the settlement and to ensure that you receive the payment. Your personal information will not be publicly disclosed.*

Name: _____

Home Street Address: _____

City, State, Zip Code: _____

Social Security Number: _____

Phone Number: _____

Performance History at Gold Club. Provide the dates that you performed at Gold Club (1416 Chancellor Street). You can provide the exact dates you performed if you know them, or you can provide the range of dates between your start date and end date. Be as specific as possible. If you don't know the exact dates, try to provide the week, or the month and year. You are allowed to estimate in good faith, but you may not provide information that you know to be false. You may add separate pages to this document if necessary:

_____

_____

_____

_____

Shift History. Describe the shifts you would perform and the number of times per week you performed at Gold Club. Be as specific as possible. You are allowed to estimate in good faith, but you may not provide information that you know to be false. You may add separate pages to this document if necessary:

_____

_____

_____

Documentation. If you have any documents that confirm that you worked at Gold Club, (such as schedules, agreements, receipts, screenshots of text messages or social media postings, etc.), you may attach and submit them with this claim form. The documents will be used to confirm your claim, and will not be shared with anyone other than the Claims Administrator and the attorneys in this case. The copies you submit will not be returned, however.

2.    CERTIFICATION:

By signing this claim form and release, I certify that I performed as an entertainer at Gold Club at 1416 Chancellor Street for some period of time between August 26, 2011 to January 25, 2016 and was classified as an independent contractor. I certify that the information I have provided on this form is true and accurate to the best of my knowledge.

3.    RELEASE OF CLAIMS:

In exchange for my settlement payment, I understand that I am releasing claims I may have against Gold Club, 1416 Chancellor, Inc., APM Club, Inc., and Anthony Milicia.

The claims include any claims that were or could have been asserted in the litigation, including all unpaid minimum and overtime claims and all unlawful deduction claims under the Fair Labor Standards Act or Pennsylvania Minimum Wage Act, under the Pennsylvania Wage Payment Collection Law, and certain common law claims such as unjust enrichment. By submitting this claim in this lawsuit, I understand that I am consenting to the adjudication of my Fair Labor Standards Act claims under 29 U.S.C. § 216b, and that I am releasing all the aforementioned claims in exchange for a settlement payment and will be prohibited from bringing another lawsuit for the same claims.

4.    MAILING INSTRUCTIONS:
      **Please mail this completed Claim Form and Release to the Settlement Administrator at the address listed below.**

      **Your completed Claim Form and Release must be postmarked on or before _____ _____ or else you will forfeit the right to share in the Proportional Distribution Fund portion of the Settlement.**

      Even if you file an objection to the Settlement, you must submit this Claim Form and Release by the deadline in order to receive part of the Proportional Distribution Fund under the Settlement if your objection is overruled.

            The address of the Settlement Administrator is:

            _____

5.    PLEASE SIGN BELOW:

      I declare under penalty of perjury that the foregoing is true and correct.


      Dated: _____            _____
                                     Signature


                                     _____
                                     (Print Name)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JESSICA HERZFELD, on behalf of herself and all others similarly situated, <br><br>                 Plaintiff, <br>    v. <br><br> 1416 CHANCELLOR, INC., et al. <br><br>                 Defendants. | Civil Action No.: 2:14-CV-04966-MAK <br><br><br> **REQUEST FOR EXCLUSION** |

By completing, signing, and returning this form, I affirm I do **not** want to participate in the class action settlement in this case.

I understand that by excluding myself from the settlement, I will not ever receive any money or any other benefits from the settlement.

I understand that by excluding myself from the settlement, I will no longer have a pending claim in this action and I will no longer be represented by Class Counsel.

I understand that since I am excluding myself from the lawsuit and the settlement, I would need to bring a separate lawsuit if I wanted to prosecute the same claims against the Defendants.

I understand that the decision to exclude myself from the settlement is irreversible after the Claims Deadline.

Date:_____        Signature: _____

Print Name: _____

*(printed name must be legible)*